**Sa'eedu MASSAQUOI, Appellant**

v.

**Troy WILLIAMSON.**

No. 09–1257.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Aug. 14, 2009.

Opinion filed: Aug. 26, 2009.

Sa'eedu Massaquoi, United States Penitentiary, Lewisburg, PA, for Plaintiff–Appellant.

Kate L. Mershimer, Esq., Dennis C. Pfannenschmidt, Esq., Office of United States Attorney, Harrisburg, PA, for Defendant–Appellee.

Before: FISHER, JORDAN and VAN ANTWERPEN, Circuit Judges.

## OPINION

### PER CURIAM.

Sa'eedu Massaquoi appeals an order of the United States District Court for the Middle District of Pennsylvania denying his habeas petition filed pursuant to 28 U.S.C. § 2241. We will affirm.

On July 13, 1999, Massaquoi was arrested by Pennsylvania authorities for state parole violations; the Pennsylvania Board of Probation and Parole later ordered him to serve a 72–month sentence as a technical and convicted parole violator. Massaquoi remained in state custody until September 16, 1999, when he was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum to answer charges stemming from two armed bank robberies committed while Massaquoi was on parole. He was arraigned on those charges in the United States District Court for the Eastern District of Pennsylvania on September 21, 1999, he was convicted on May 10, 2000, and he was sentenced to 646 months of imprisonment on September 21, 2000. That sentence began to run on February 27, 2001, the date Pennsylvania authorities released Massaquoi to the exclusive custody of the federal Bureau of Prisons ("BOP").

In calculating Massaquoi's projected release date, the BOP contacted Pennsylvania officials to determine what portion of the time served prior to February 27, 2001, had been credited to his state parole violator sentences. Pennsylvania officials indicated that Massaquoi's parole violator term had been credited with only the period of time between July 13, 1999 (the date of his state arrest) and September 21, 1999

(the date of his federal arraignment). Therefore, because the 524 days from September 22, 1999 (the day after his federal arraignment) to February 26, 2001 (the day before he began serving his federal sentence) had not been credited to his parole violator term, the BOP credited that time to his federal sentence.

Massaquoi filed the present petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania, claiming that those 524 days should have been credited to his state parole violator term, rather than to his federal sentence. The District Court denied the § 2241 petition, holding that the "time [Massaquoi] spent in ... custody which was not credited against his state parole revocation term ... was [properly] credited toward his federal sentence." Massaquoi appealed.[1]

Pursuant to 28 U.S.C. § 2241, district courts are authorized to issue a writ of habeas corpus to a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Massaquoi alleged that the BOP improperly applied 18 U.S.C. § 3585(b), which prohibits the BOP from crediting a defendant for time served prior to commencement of a federal sentence if such time has already been credited towards another sentence. *See Rios v. Wiley*, 201 F.3d 257, 272 (3d Cir.2000). In this case, Massaquoi was in the primary custody of Pennsylvania from the date of his arrest (July 13, 1999) until the day before his federal sentence commenced (February 26, 2001). *See Ruggiano v. Reish*, 307 F.3d 121, 125 (3d Cir. 2002) (holding that "[a] prisoner detained pursuant to a writ ad prosequendum is considered to remain in the primary custody of the first jurisdiction unless and until

---

1. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclu-

sions and apply a clearly erroneous standard to its findings of fact. *See Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir.2002).

the first sovereign relinquishes jurisdiction over the person"). A portion of that time (from July 13, 1999, to September 21, 1999) was credited against Massaquoi's parole violator sentences.[2] Under Pennsylvania's Parole Act, however, a federal sentence for a crime committed by a convicted parole violator must be served before the state parole violation sentence is served. *See* 61 P.S. § 331.21a(a). Therefore, Pennsylvania did not credit Massaquoi's parole violator sentences with the time he spent in primary state custody from September 22, 1999, to February 26, 2001. Because that time had not been credited toward another sentence, the BOP did not violate § 3585(b) by crediting that time to Massaquoi's federal sentence.

For the reasons stated, we will affirm the District Court's judgment.

**2.** Massaquoi does not challenge this determination and, to the extent he alleges that Pennsylvania authorities failed to properly calculate his sentence, he has not identified any provision of the "Constitution or laws or treaties of the United States" that was violated. In addition, the BOP has no obvious authority over the manner in which Pennsylvania credits parole violator sentences.